IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHRISTINA GARCIA,<br><br>        Plaintiff,<br><br>vs.<br><br>VITUS ENERGY, LLC,<br><br>        Defendant. | Case No. 3:20-cv-00249-JMK<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION *IN LIMINE*** |

Before the Court at Docket 39 is Defendant Vitus Energy, LLC's ("Vitus") Motion *in Limine* to Exclude the Testimony of James T. Cushman ("the Motion"). Plaintiff Christina Garcia responded in opposition at Docket 44. Vitus replied at Docket 48. For the foregoing reasons, Vitus's Motion *in Limine* is **GRANTED IN PART.**

## I. BACKGROUND

The facts of this case are summarized in this Court's Order Denying Plaintiff's First Motion for Sanctions at Docket 53, incorporated by reference herein. In the present motion, Vitus seeks to exclude certain opinions contained in Plaintiff's liability expert Captain James T. Cushman's expert report.[1] Captain Cushman is a retired Coast

---

[1] Docket 39.

Guard captain with seventeen years of sea-duty experience.[2] Throughout his career in the maritime industry, Captain Cushman has served as a Commanding Officer/Master of three vessels in Alaska.[3] He also has served as a Safety & Training Officer, Port Captain, and Relief Master in the cruise ship industry and has held various positions in inland, coastal, ocean, and ship assist towing.[4] Captain Cushman has written two Safety Management Systems for two companies and has served as a Regulatory Compliance Auditor for a towing company operating in Alaska.[5] Captain Cushman currently serves as an independent maritime consultant in ports and waterways safety and management, a marine mishap analyst, and an expert witness.[6] Plaintiff retained Captain Cushman as an expert in this matter to testify regarding Vitus's liability, relying on his "education, training, experience, and skill" to render his opinions.[7]

## II. LEGAL STANDARD

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area."[8] A district court's power to rule on motions *in limine* arises out of its "inherent authority to manage the course of trials."[9] Rulings on motions *in limine* are preliminary in nature, as a "district court may change its ruling at trial because

---

[2] Docket 44 at 5; Docket 44-11 at 3.
[3] Docket 44 at 5; Docket 44-11 at 3.
[4] Docket 44 at 7; Docket 44-11 at 3.
[5] Docket 44-11 at 3–4.
[6] Docket 44-12 at 1.
[7] Docket 31 at 7.
[8] *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).
[9] *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

*Garcia v. Vitus Energy, LLC*  Case No. 3:20-cv-00249-JMK
Order Granting in Part Defendant's Motion in Limine  Page 2
Case 3:20-cv-00249-JMK   Document 54   Filed 06/06/22   Page 2 of 13

testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling."[10]

Vitus moves *in limine* to exclude certain opinions from Plaintiff's expert Captain James T. Cushman's report and to preclude Captain Cushman from testifying to the same.[11] The party who is the proponent of the expert has the burden of proving admissibility.[12] The admissibility of expert opinions is controlled by Federal Rule of Evidence 702, which provides

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

A trial court must ensure that expert testimony is "relevant to the task at hand" and "rests on a reliable foundation."[13] "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry."[14] "The reliability inquiry is 'a flexible one.'"[15] Expert testimony is reliable if "the knowledge underlying it has a

---

[10] *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *id.* at 41–42).
[11] Docket 39.
[12] *Lust By & Through Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).
[13] *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (quoting *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 597 (1993)).
[14] *Id.* at 565.
[15] *Specter v. Texas Turbine Conversions, Inc.*, 505 F. Supp. 3d 936, 943 (D. Alaska 2020) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)) *reconsideration denied by Specter v. Rainbow King Lodge, Inc.,* No. 3:17-cv-00194-TMB, 2020 WL 7396919 (D. Alaska Dec. 16, 2020).

*Garcia v. Vitus Energy, LLC*  Case No. 3:20-cv-00249-JMK
Order Granting in Part Defendant's Motion in Limine  Page 3
Case 3:20-cv-00249-JMK   Document 54   Filed 06/06/22   Page 3 of 13

reliable basis in the knowledge and experience of the relevant discipline."[16] Evidence is unreliable if it is based on "subjective belief and unsupported speculation."[17] The requirements of Rule 702 are to be applied liberally.[18] The Ninth Circuit has cautioned that "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion."[19]

### III. DISCUSSION

Vitus moves *in limine* to exclude or limit the testimony of Plaintiff's expert Captain James T. Cushman.[20] Specifically, Vitus seeks to exclude Captain Cushman's opinions related to (1) Mr. Dewitt's alcohol intoxication; (2) legal issues, including negligence, vicarious liability, and unseaworthiness; (3) the condition of the skiff; (4) Vitus's training; and (5) Mr. Dewitt's decision-making process.[21] The Court addresses the admissibility of each of these opinions in turn.

#### A. Alcohol-Related Opinions

In his expert report, Captain Cushman offered several opinions related to Mr. Dewitt's level of intoxication on the night of October 19, 2018.[22] Specifically, Captain Cushman opined that Mr. Dewitt "would have been determined intoxicated if tested, but in

---

[16] *Primiano*, 598 F.3d at 565 (quoting *United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006)).
[17] *Daubert*, 509 U.S. at 590.
[18] *StarStone Nat'l Ins. Co. v. Indep. Cities Risk Mgmt. Auth., et al.*, No. CV 19-1130 PA (Ex), 2020 WL 6143608, at *1 (C.D. Cal. Aug. 19, 2020).
[19] *Primiano*, 598 F.3d at 564.
[20] Docket 39.
[21] *Id.* at 7–17.
[22] Docket 44-11 at 5.

*Garcia v. Vitus Energy, LLC*      Case No. 3:20-cv-00249-JMK
Order Granting in Part Defendant's Motion in Limine      Page 4
Case 3:20-cv-00249-JMK    Document 54    Filed 06/06/22    Page 4 of 13

the least, his mental and physical capabilities diminished significantly"[23] and that "[d]ue to his consumption of alcohol that evening, Captain DeWitt's mental and physical ability to safely navigate the skiff were impaired."[24] Vitus argues that Captain Cushman's opinions are unreliable and based solely on his personal speculation, as he lacks the expertise to testify as to whether Mr. Dewitt was impaired by alcohol on the night of October 19, 2018.[25] The Court agrees. As an expert on the maritime industry, Captain Cushman does not have any scientific, specialized, or technical knowledge related to alcohol intoxication, or the effects of alcohol on the body.[26] In addition to the lack of subject-matter expertise, Captain Cushman also admitted in his deposition testimony that he did not know how much alcohol Mr. Dewitt consumed on the night of October 19, 2018.[27] The evidence in the record shows that Plaintiff bought Mr. Dewitt one beer prior to the grounding.[28] In her opposition, Plaintiff advances a series of substantive arguments regarding Mr. Dewitt's intoxication, but fails to explain how Captain Cushman could discern Mr. Dewitt's impairment level based on the available facts.[29]

Captain Cushman's alcohol-related opinions lack the requisite reliability for expert opinions.[30] Without a sufficient factual basis to determine how much alcohol Mr. Dewitt consumed, and without the expertise to infer that a certain amount of alcohol

---

[23] *Id.*
[24] *Id.* at 9–10.
[25] Docket 39 at 7–10.
[26] Docket 44 at 5–9 (describing Captain Cushman's qualifications).
[27] Docket 39 at 10; Docket 40-6 at 46.
[28] Docket 44-5 at 4; Docket 44-15 at 36.
[29] Docket 44 at 11–14.
[30] *See Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010).

*Garcia v. Vitus Energy, LLC*     Case No. 3:20-cv-00249-JMK
Order Granting in Part Defendant's Motion in Limine     Page 5
Case 3:20-cv-00249-JMK    Document 54    Filed 06/06/22    Page 5 of 13

would impair Mr. Dewitt's mental and physical capabilities, Captain Cushman's alcohol-related opinions are impermissibly based on "subjective belief or unsupported speculation."[31] The Court therefore **GRANTS** Vitus's Motion *in Limine* as to Captain Cushman's opinions that Mr. Dewitt was impaired by alcohol on the night of the grounding.

**B.     Legal Conclusions**

Vitus moves *in limine* to exclude Captain Cushman's opinions pertaining to the legal issues of negligence, vicarious liability, and unseaworthiness.[32] Captain Cushman offers opinions that both Vitus and Mr. Dewitt were negligent, and that the skiff was unseaworthy.[33] Under Federal Rule of Evidence 704(a), expert testimony is not objectionable solely "because it embraces an ultimate issue"; however, "an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law."[34] The reasoning behind this prohibition is that "when an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's."[35]

Plaintiff contends that Captain Cushman's opinions are not legal conclusions on the ultimate issues of law in this case; he merely uses language "couched in legal terms"

---

[31] *StarStone Nat'l Ins. Co. v. Indep. Cities Risk Mgmt. Auth.*, No. CV 19-1130 PA (Ex), 2020 WL 6143608, at *4 (C.D. Cal. Aug. 19, 2020) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)).
[32] Docket 39 at 10–12.
[33] *Id.* at 12; Docket 44-11 at 9–11.
[34] *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) (emphasis in original).
[35] *Id.* (quoting *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) (emphasis in original)); *see also StarStone National Insurance Co.,* 2020 WL 6143608, at *1.

*Garcia v. Vitus Energy, LLC*                                                            Case No. 3:20-cv-00249-JMK
Order Granting in Part Defendant's Motion in Limine                                      Page 6
Case 3:20-cv-00249-JMK   Document 54   Filed 06/06/22   Page 6 of 13

and "incorporate[s] legal assumptions" in his analysis.[36] Plaintiff argues that, because Captain Cushman does not attempt to define negligence, vicarious liability, and unseaworthiness, his opinions on these subjects do not improperly usurp the role of the jury.[37] The Ninth Circuit in *Hangarter v. Provident Life & Accident Insurance Co.* found an expert's opinion admissible because, while the expert's opinion that "Defendants deviated from industry standards supported a finding that they acted in bad faith, [the expert] never testified that he had reached a legal conclusion that Defendants actually acted in bad faith (i.e., an ultimate issue of law)."[38] In that case, the expert's references to the law were "ancillary to the ultimate issue."[39]

Captain Cushman's opinions that Mr. Dewitt and Vitus were "negligent in [their] actions" are legal conclusions on the ultimate issues of law in this case and must be excluded.[40] Mr. Dewitt's negligence and Vitus's direct and vicarious negligence are not "ancillary" issues in this matter; rather, these issues strike at the heart of exactly what the trier of fact will be asked to decide. The Court therefore **GRANTS** Vitus's Motion *in Limine* as to Captain Cushman's opinions that Mr. Dewitt and Vitus were negligent.

Regarding Captain Cushman's opinion that Mr. Dewitt should be considered "on duty" at the time of the grounding, the Court does not find that this opinion is an improper legal conclusion on an ultimate issue of law.[41] Captain Cushman offered his

---

[36] Docket 44 at 14, 18.
[37] *Id.* at 14–15.
[38] 373 F.3d 998, 1016 (9th Cir. 2004).
[39] *Id.* at 1017.
[40] Docket 44-11 at 9–11.
[41] *Id.* at 10.

*Garcia v. Vitus Energy, LLC*            Case No. 3:20-cv-00249-JMK
Order Granting in Part Defendant's Motion in Limine         Page 7
Case 3:20-cv-00249-JMK    Document 54    Filed 06/06/22    Page 7 of 13

opinion on the scope of a captain's duties based on his experience as a captain.[42] While this opinion may be relevant to the issue of whether Mr. Dewitt was acting within the scope of his employment at the time of the grounding, the opinion stops short of offering an impermissible legal conclusion that Vitus is vicariously liable for Mr. Dewitt's actions. Vitus's Motion *in Limine* as to Captain Cushman's opinion that Mr. Dewitt was on duty at the time of the grounding is **DENIED WITHOUT PREJUDICE.**

Finally, Vitus seeks to exclude Captain Cushman's opinion that the skiff was unseaworthy. Vitus is correct that unseaworthiness is its own cause of action and Plaintiff has not brought a claim based on the doctrine of unseaworthiness.[43] Because the legal doctrine of unseaworthiness is not at issue in this case, Captain Cushman's opinions regarding unseaworthiness do not usurp the role of the jury in deciding the ultimate issues. Any jury confusion resulting from Captain Cushman's definition of seaworthiness may be mitigated by thorough cross examination. The Court therefore **DENIES WITHOUT PREJUDICE** Vitus's Motion *in Limine* Regarding Captain Cushman's opinions pertaining to the seaworthiness of the skiff.

---

[42] *See StarStone Nat'l Ins. Co. v. Indep. Cities Risk Mgmt. Auth.*, No. CV 19-1130 PA (Ex), 2020 WL 6143608, at *4 (C.D. Cal. Aug. 19, 2020) (denying motion *in limine* and finding that expert with decades of experience in the reinsurance industry could offer opinions about the custom and practice in the reinsurance industry).

[43] Docket 39 at 11 n.1; *see also Arvidson v. Dillingham Corp.,* 462 F.2d 1, 4 (9th Cir. 1972). As Vitus correctly points out in its Motion, Plaintiff is precluded from bringing a claim based on unseaworthiness because the doctrine of unseaworthiness is limited to seamen and maritime workers and cannot be extended to passengers. *See Yamaha Motor Corp. v. Calhoun,* 516 U.S. 199, 202 (1996).

*Garcia v. Vitus Energy, LLC*  Case No. 3:20-cv-00249-JMK
Order Granting in Part Defendant's Motion in Limine  Page 8
Case 3:20-cv-00249-JMK   Document 54   Filed 06/06/22   Page 8 of 13

## C. Opinions on the Condition of the Skiff

Vitus moves to exclude Captain Cushman's opinion that Vitus "provided JACKIE M an ill-equipped skiff to complete it [*sic*] intended purpose, and not in accordance with industry standards and the Navigation Rules and Regulations Handbook/COLREGS."[44] Vitus contends that Captain Cushman's opinion regarding the condition of the skiff is unreliable because (i) Captain Cushman never personally inspected the skiff at issue in this case or any other skiff used by any fuel and barge tug company; (ii) he has no personal experience working in shallow draft fuel and barge operations; and (iii) he testified that he was unsure whether the photograph he examined while preparing his opinion depicted the correct skiff.[45]

The Federal Rules of Evidence set forth "a broad conception of expert qualifications."[46] An expert need not have personal experience in an area to offer testimony pertaining to that area.[47] "A lack of specialization as to the specific issues on which the expert opines is an issue of weight not admissibility, as long as the testimony remains 'within the reasonable confines of [the expert's] subject area.'"[48] Captain Cushman has ample experience working in the maritime industry, including working on and operating

---

[44] Docket 39 at 12; Docket 44-11 at 10.
[45] Docket 39 at 13.
[46] *United States for use & benefit of Midstate Equip., Inc. v. Ahtna Constr. & Primary Prod.*, LLC, No. 4:19-cv-00010-JWS, 2020 WL 7050170, at *2 (D. Alaska Nov. 23, 2020) (quoting *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994)).
[47] *See Abaxis, Inc. v. Cepheid*, No. 10-CV-02840-LHK, 2012 WL 2979019, at *3 (N.D. Cal. July 19, 2012) ("Rule 702 imposes no requirement that experts have personal experience in an area to offer admissible testimony relating to that area").
[48] *Ahtna Construction & Primary Products,* 2020 WL 7050170, at *2 (quoting *Avila v. Willits Envtl. Remediation Trust,* 633 F.3d 828, 839 (9th Cir. 2011)).

*Garcia v. Vitus Energy, LLC*  
Order Granting in Part Defendant's Motion in Limine  
Case No. 3:20-cv-00249-JMK  
Page 9  
Case 3:20-cv-00249-JMK   Document 54   Filed 06/06/22   Page 9 of 13

sounding skiffs.[49] Applying this experience, as well as his knowledge of industry standards and safety management systems, he analyzed the photograph of the skiff and concluded that it was ill-equipped for its intended purpose.[50] Vitus offers no explanation as to why Captain Cushman's lack of experience with skiffs used by fuel and barge tug companies in rural Alaska renders his methodology unreliable.[51] Vitus does not persuade the Court that there is "too great an analytical gap between [Captain Cushman's] experience and his conclusion" to render this testimony admissible.[52] The apparent weaknesses in Captain Cushman's assessment of the skiff, as well as the fact that Captain Cushman expressed confusion about whether the photograph he analyzed depicted the correct skiff, go to the weight of his testimony, rather than its admissibility. The purported shakiness of Captain Cushman's opinion regarding the condition of the skiff thus is best exposed on cross examination, not by exclusion.[53] Vitus's Motion to exclude Captain Cushman's opinion about the condition of the skiff is **DENIED WITHOUT PREJUDICE.**

**D.      Opinion on Vitus's Training**

Captain Cushman opined that Vitus "failed to adequately train its employees on company policies, including the company's [Safety Management System] and its functionality requirements" and that Vitus "failed to indoctrinate its employees on the importance and requirements of 46 CFR Part 4 and other applicable Coast Guard

---

[49] Docket 44 at 20; Docket 44-15 at 8.
[50] Docket 44-15 at 24–25.
[51] *See* Docket 39 at 14–15.
[52] *See United States v. Valencia-Lopez*, 971 F.3d 891, 901 (9th Cir. 2020) (internal quotation omitted).
[53] *See Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010).

*Garcia v. Vitus Energy, LLC*                                                                Case No. 3:20-cv-00249-JMK
Order Granting in Part Defendant's Motion in Limine                                                Page 10
Case 3:20-cv-00249-JMK   Document 54   Filed 06/06/22   Page 10 of 13

regulations."[54] Vitus asserts these opinions are irrelevant because they have no bearing on whether Vitus's purported failure to train its employees is causally related to Plaintiff's injuries.[55]

Expert testimony is relevant if it assists the trier of fact in understanding evidence or in determining a fact in issue.[56] As such, "[e]xpert testimony is inadmissible if it concerns factual issues within the knowledge and experience of ordinary lay people because it would not assist the trier of fact in analyzing the evidence."[57] The adequacy of a tugboat crew's training regarding Coast Guard regulations and their employer's Safety Management System is not within the purview of ordinary lay people. Captain Cushman's opinion regarding Vitus's training is helpful to a jury deciding whether Vitus's implementation of its training program was negligent. Although Captain Cushman's opinion does not establish a causal connection between Vitus's training and plaintiff's injuries, this does not render Captain Cushman's opinion inadmissible. "Reliable expert testimony need only be relevant, and need not establish every element that the plaintiff must prove, in order to be admissible."[58] Vitus's argument that its allegedly inadequate training did not cause Plaintiff's injuries presents a dispute best addressed on summary judgment. The Court **DENIES WITHOUT PREJUDICE** Vitus's Motion *in Limine* with respect to Captain Cushman's opinions regarding Vitus's employee training.

---

[54] Docket 44-11 at 10–11.
[55] Docket 39 at 15–16.
[56] *Daubert*, 509 U.S. at 591.
[57] *Cosmos Granite (W.), LLC v. Minagrex Corp.*, No. C19-1697RSM, 2021 WL 5140226, at *6 (W.D. Wash. Nov. 4, 2021).
[58] *Primiano*, 598 F.3d at 565.

*Garcia v. Vitus Energy, LLC* Case No. 3:20-cv-00249-JMK
Order Granting in Part Defendant's Motion in Limine Page 11
Case 3:20-cv-00249-JMK   Document 54   Filed 06/06/22   Page 11 of 13

### E. Opinions on Mr. Dewitt's State of Mind

Finally, Vitus moves to exclude Captain Cushman's opinion that Mr. Dewitt's "decisions and actions were of commission versus omission. Based on his experience he knew he was taking a risk for personal reasons, yet he elected to take the risk – in other words, he knew better, but did it anyway . . . ."[59] Vitus asserts that Captain Cushman is speculating as to Mr. Dewitt's state of mind and, to the extent Captain Cushman is offering an opinion as to what Mr. Dewitt knew, this opinion is unhelpful to the jury.[60] Plaintiff, in opposition, posits that Captain Cushman's testimony will assist the jury in determining whether Mr. Dewitt's decision-making was within industry standards.[61] However, Captain Cushman's opinion that Mr. Dewitt "knew better, but did it anyway" does not discuss industry standards and is instead concerned with what Mr. Dewitt knew. Courts have recognized that the issue of what other parties did or did not know is not a proper subject of expert testimony.[62] "Expert testimony is inadmissible if it addresses lay matters which a jury is capable of understanding and deciding without the expert's help."[63] A trier of fact is in as good a position as Captain Cushman to discern, based on the evidence in the record, what was in Mr. Dewitt's mind on the night of the grounding. Accordingly, the Court concludes that this opinion is unhelpful to the trier of

---

[59] Docket 39 at 17; Docket 44-11 at 9.
[60] Docket 39 at 17.
[61] Docket 44 at 33–34.
[62] *See, e.g., Gomez v. Am. Med. Sys. Inc.,* No. CV-20-00393-PHX-ROS, 2021 WL 1163087, at *5 (D. Ariz. Mar. 26, 2021).
[63] *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 17cv205-MMA (MDD), 2020 WL 2553181, at *6 (S.D. Cal. May 20, 2020), *aff'd*, 9 F.4th 1102 (9th Cir. 2021) (quoting *In re Novatel Wireless Sec. Litig.*, No. 08-CV-1689, 2011 WL 5827198, at *4 (S.D. Cal. Nov. 17, 2011)).

fact and should be excluded. The Court **GRANTS** Vitus's Motion *in Limine* as to Captain Cushman's opinions about what Mr. Dewitt knew.

## IV. CONCLUSION

For the foregoing reasons, Vitus's Motion *in Limine* to Exclude the Testimony of James T. Cushman is **GRANTED IN PART.**

IT IS SO ORDERED this 6th day of June, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge
